UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **R. ALEXANDER ACOSTA,** Secretary of Labor, United States Department of Labor,<br><br>*Plaintiff,*<br><br>v.<br><br>**LIBERTY GAS STATION AND CONVENIENCE STORE, LLC, LIBERTY PIZZA & CONVENIENCE, INC., HUSEYIN TURAN**, Individually and as Owner,<br><br>*Defendants.* | **COMPLAINT**<br><br>Civil Action No.  5:17-CV-561[BKS/ATB] |

## Introduction

Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, brings this action under Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq.*) ("the Act"), alleging that Defendants violated sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act.

The Secretary of Labor brings this action seeking unpaid minimum wage and overtime compensation on behalf of more than a dozen convenience store employees. Rather than paying overtime, Defendants perpetuated a scheme designed to simulate compliance with the Act. Through this scheme, Defendants typically paid all overtime hours worked at a single, regular rate by excluding a substantial number of hours worked by employees from payroll records and instead paying employees cash at their straight time rate for many of their hours worked. Defendants also failed to pay at least one employee for any hours worked. Defendants willfully and deliberately failed to comply with their obligations under the Act, adapting their scheme

even during the Secretary's investigation in order to avoid complying with the Act.

## Jurisdiction and Venue

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act and 28 U.S.C. Sections 1331 and 1345.

2. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## Factual Allegations

### *The Parties*

3. Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the Act and recover back wages and liquidated damages and is the proper plaintiff for this action.

4. Defendant LIBERTY GAS STATION AND CONVENIENCE STORE, LLC is a limited liability company organized under the laws of the State of New York having its principal office and place of business at 200 South Main Street, Syracuse, NY 13212, within the jurisdiction of this court, where it is engaged in the business of operating a convenience store, gas station, and pizzeria.

5. Defendant LIBERTY PIZZA & CONVENIENCE, INC. is a New York corporation having its principal office and place of business at 5930 East Seneca Turnpike, Jamesville, NY 13078, within the jurisdiction of this court, where it is engaged in the business of operating a convenience store and pizzeria.

6. The defendant businesses referenced in paragraphs 4 and 5 above (collectively the "Corporate Defendants") have regulated the employment of all persons employed by them, acted directly and indirectly in the companies' interest in relation to the employees, and thus are

employers of the employees within the meaning of Section 3(d) of the Act.

7. Defendant HUSEYIN TURAN, who maintains places of business at 200 South Main Street, Syracuse, NY 13212 and 5930 East Seneca Turnpike, Jamesville, NY 13078, within the jurisdiction of this court, owns 5% of defendant LIBERTY GAS STATION AND CONVENIENCE STORE, LLC, and 50% of defendant LIBERTY PIZZA & CONVENIENCE, INC., and is in active control and management of the Corporate Defendants.

8. Defendant HUSEYIN TURAN has authority to hire, fire, supervise, set the hours and compensation of employees of both Corporate Defendants, and otherwise has acted directly and indirectly in the interest of the Corporate Defendants in relation to the employees, and is thus an employer of the employees within the meaning of section 3(d) of the Act.

*Defendants Are an Enterprise Engaged in Commerce*

9. Defendants own and operate a pizzeria, convenience store, and gas station located at 200 South Main Street, in Syracuse, New York, and a second pizzeria and convenience store located at 5930 East Seneca Turnpike, in Jamesville, New York.

10. Defendants employ employees to work as sales clerks, cashiers, cooks, and delivery drivers.

11. The business activities of Defendants, as described herein, are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

12. The Corporate Defendants have common and centralized operational management and ownership in whole or in part. For example, individual defendant Huseyin Turan owns a portion of, hires and fires employees at, and manages both Corporate Defendants.

13. The Corporate Defendants share employees.

14. Multiple employees regularly work or worked for both of the Corporate Defendants.

15. Employees have recorded hours worked at both Corporate Defendants on a single time card in the same workweek.

16. Until in or about July 2016 Defendants aggregated the hours of employees who worked for both of the Corporate Defendants in a single week and paid them one sum for hours worked at both locations.

17. Defendants employ a single payroll manager, Victoriya Kononchuk, who oversees timekeeping and payroll practices for both of the Corporate Defendants.

18. Upon information and belief, the Corporate Defendants share vendors and suppliers for their pizzerias and convenience store operations.

19. The Corporate Defendants share almost identical websites.

20. Defendant Liberty Pizza & Convenience, Inc. lists the address of Defendant Liberty Gas Station & Convenience Store, LLC for purposes of service of process with New York's Department of State Division of Corporations.

21. As set forth herein, Defendants operate and have operated as a single integrated enterprise.

22. The enterprise has employed employees handling, selling, and working with goods or materials that have been moved in or produced for commerce, such as gasoline.

23. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000 for the period covered by this Complaint. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

*Defendants' Pay and Recordkeeping Practices*

24. At all times prior to approximately July 2016, and possibly to the present, employees regularly worked in excess of 50 hours in many workweeks, sometimes working as many as 70 hours in a single week.

25. At all times prior to approximately July 2016, and possibly to the present, Defendants typically compensated employees at a single hourly rate for all hours worked in a workweek.

26. Defendants typically did not pay employees a premium of one and one-half times the employees' regular rates for hours worked by employees in excess of 40 in a workweek.

27. In lieu of paying overtime as required by the Act, Defendants concocted a scheme to simulate compliance with the overtime requirements of the Act.

28. Specifically, at all relevant times prior to at least approximately July 2016, Defendants aggregated the total number of hours employees worked at one or both of the Corporate Defendants.

29. Defendants then issued employees checks at a regular, hourly rate for a portion of their hours worked. These checks typically – and falsely – reflected that employees worked fewer than 40 hours each week.

30. Defendants recorded payments made by check, and the corresponding number of hours for those checks compensated employees, on Defendants' payroll records.

31. At all times prior to approximately July 2016, and possibly to the present, Defendants then paid employees cash at a straight time rate for their remaining hours.

32. These cash payments, and the total hours worked in a workweek, did not appear on payroll records.

5

33. Though employees regularly worked over 40 hours each week, at all times prior to approximately July 2016, and possibly to the present, Defendants rarely allowed overtime hours to appear on payroll records.

34. On the rare occasions where Defendants' payroll records reflected hours worked over 40, Defendants compensated employees at a one and one-half premium rate for these overtime hours.

35. Beginning in or about July 2016, Defendants began issuing employees separate checks for work performed at the Corporate Defendants' two different locations. However, these checks failed to include all hours worked and failed to include overtime payments as required by the Act.

36. Prior to the Secretary's 2016 investigation of Defendants, Defendants' employees recorded their hours on time cards that were punched by a time clock machine.

37. During the Secretary's investigation, Defendants removed the time cards and time clock machine from the worksites.

38. After removing the time clock machine, Defendants required employees to manually record their hours worked on paper time sheets stored in a binder.

39. At the end of each workweek, Defendants then presented each employee with a check and a schedule purporting to show the hours for which the check was compensation.

40. The hours on the schedules typically understated the total number of hours actually worked by employees.

41. However, in order to receive their checks, Defendants required employees to sign the document containing the fictional number of hours worked.

42. Even after the Department of Labor's investigation, Defendants continued to pay

employees cash, straight-time payments for, *inter alia*, hours over 40.

43. For at least one employee who regularly worked more than 40 hours each workweek, Defendants failed to pay for any hours worked.

*Defendants' Actions Have Been Willful*

44. Defendants' actions as described herein have been willful. For example, Defendants attempted to simulate compliance with the Act and conceal their failure to pay overtime compensation at time and one-half by paying employees for hours worked in excess of 40 per week via cash payments that are not reflected on Defendants' payroll records.

45. Defendants falsified payroll records to reflect, with few exceptions, 40 hours or fewer worked per week.

46. While Defendants required their employees to punch time cards during the majority of the relevant time period, Defendants denied their existence or otherwise refused to produce such time cards to the Secretary.

47. Indeed, during the Secretary's investigation of Defendants, Defendants removed time cards and the time clock from the premises in order to obstruct the Secretary's investigation.

48. Furthermore, defendant LIBERTY GAS STATION AND CONVENIENCE STORE, LLC was previously investigated by the Secretary in 2015. At that time, the Secretary's representatives informed defendants HUSEYIN TURAN and LIBERTY GAS STATION AND CONVENIENCE STORE, LLC about the requirements of the Act, including overtime pay and recordkeeping requirements.

49. Defendants willfully and repeatedly have violated the provisions of the Act as alleged above.

**First Cause of Action**

*Violation of Sections 6 and 15(a)(2) of the Act, Failure to Pay Minimum Wage*

50. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 49 of the Complaint.

51. Defendants willfully and repeatedly have violated the provisions of sections 6 and 15(a)(2) of the Act by paying at least one employee employed in an enterprise engaged in commerce or in the production of goods for commerce at rates less than the applicable statutory minimum wage prescribed in section 6 of the Act. Specifically, Defendants failed to pay an employee all wages for the period during which the employee was employed. Therefore, Defendants are liable for any unpaid minimum wages and an equal amount in liquidated damages under section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid minimum wages and prejudgment interest on said unpaid minimum wages under section 17 of the Act.

**Second Cause of Action**

*Violation of Sections 7 and 15(a)(2) of the Act, Failure to Pay Overtime*

52. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 49 of the Complaint.

53. Defendants willfully and repeatedly have violated the provisions of sections 7 and 15(a)(2) of the Act by employing at least 12 of their employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than those prescribed in section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.

54. Therefore, Defendants are liable for unpaid overtime compensation and an equal

amount in liquidated damages under section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under section 17 of the Act.

### Third Cause of Action

*Violation of Sections 11(c) and 15(a)(5) of the Act, Failure to Make, Keep, and Preserve Records*

55. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 49 of the Complaint.

56. Defendants willfully and repeatedly have violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment which they were required to maintain as prescribed by the Regulations issued and found at 29 CFR Part 516; specifically, Defendants failed to keep adequate and accurate records of their employees' actual daily and weekly hours of work, rate of pay, and total weekly overtime payments.

**WHEREFORE**, cause having been shown, Plaintiff prays for judgment against Defendants providing the following relief:

1. For an injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act; and

2. For an order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation found due Defendants' employees listed on

the attached Exhibit A and an equal amount of liquidated damages (additional minimum wage and overtime compensation and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this Complaint); or

3. In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wage and overtime compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

4. For an order awarding Plaintiff the costs of this action; and

5. For an order granting such other and further relief as may be necessary and appropriate.

DATED:   May 18, 2017
         New York, New York

                                        NICHOLAS C. GEALE
                                        Acting Solicitor of Labor

                                        JEFFREY S. ROGOFF
                                        Regional Solicitor

                                        /s/_____
                                        ELENA S. GOLDSTEIN
                                        Senior Trial Attorney

                                        U.S. Department of Labor,
                                        *Attorneys for Secretary of Labor*

                                        U.S. Department of Labor
                                        Office of the Regional Solicitor
                                        201 Varick Street, Room 983
                                        New York, NY 10014

(646) 264-3686  
(646) 264-3660 (fax)  
goldstein.elena@dol.gov  
NY-SOL-ECF@dol.gov  
Secretary of Labor, Plaintiff

# EXHIBIT A

1. Zarif Arif
2. Jeffrey Fox
3. Christopher Germond
4. Derek Joss
5. Mustafa Kahramam
6. Javid Lahedi
7. Ghulam Maqsoodi
8. Kevin Mims
9. Satar Mohammadi
10. Cheryl (Ann) Philipps
11. Hossein Rajabi
12. Justin Valenson