**U.S. Department of Labor**
**Office of the Solicitor**

201 Varick Street, Room 983
New York, NY 10014
Tel:   (646) 264-3653
Fax:   (646) 264-3660
Email:   tai.amy@dol.gov



Reply to the Attention of:      Amy Tai, Esq.

March 5, 2018

<u>**Via ECF**</u>

Honorable Andrew T. Baxter
U.S. Magistrate Judge
Northern District of New York
Federal Building and U.S. Courthouse
Syracuse, NY 13261

      RE:   *Acosta v. Liberty Gas Station and Convenience Store, LLC et al.*,
             No. 5:17-cv-00561-BKS-ATB

Dear Judge Baxter:

    Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor (the "Secretary") submits this letter in response to defendants' motion to withdraw as attorneys of record[1] (ECF No. 23) and in advance of the telephonic motion hearing on March 7 at 2:00 p.m.  *See* ECF No. 27.  The Secretary respectfully requests that defendants be ordered to retain substitute counsel no later than March 30, 2018, or the corporate defendants will be subject to an entry of default judgment.

    It is well-established that corporations cannot represent themselves in federal court.  *See Wagner Farm Properties, LLC v. Tri-State Solarcrete, LLC*, No. 1:09-CV-0485, 2010 WL 11541929, at *3 (N.D.N.Y. Dec. 6, 2010) (directing corporate defendant to find substitute counsel within a date certain or be subject to default judgment against it); *Century Jets Aviation, LLC v. Alchemist Jet Air, LLC*, Nos. 08 Civ. 9892(PKL)(KNF), 09 Civ. 7659(PKL)(KNF), 2009 WL 4035642, *3 (S.D.N.Y. Nov. 23, 2009) (granting defendant corporation thirty days to obtain substitute counsel or be subject to an entry of default judgment); *HCC, Inc. v. R H&M Machine Co.*, No. 96 Civ. 4920(PKL), 1998 WL 411313, at *1 (S.D.N.Y. July 20, 1998) (same); *see also R. Maganlal & Co. v. M.G. Chemical Co., Inc.*, No. 88 CIV. 4896 MJL THK, 1996 WL 715526, at *2 (S.D.N.Y. Dec. 12, 1996) (granting motion for default judgment when corporate defendant failed to find new counsel by a date certain as ordered by the court).  On February 5, 2018, defense counsel raised their intention to withdraw as counsel during the status conference before

---

[1] Counsel for defendants also filed a motion to file certain documents under seal.  *See* ECF No. 20.  These documents were redacted in part and some were redacted in full based on defendants' claim of attorney-client privilege.  Notwithstanding the fact that certain redactions may be improper on its face (*e.g.*, citations to certain local rules have been redacted), the Secretary does not oppose defendants' motion to file certain documents under seal.  However, the Secretary does not waive any objections to defendants' claim that the redacted information is protected by attorney-client privilege or any other purported privilege.

Your Honor.  Thus, defendants have already had at least thirty days to find new counsel.  Accordingly, it is appropriate to require that defendants obtain new counsel no later than March 30, 2018.  Any additional time will further prejudice the Secretary as discovery closes on May 1, 2018.  While the parties have exchanged discovery responses, the Secretary has several discovery deficiencies to raise with defendants' responses and intends to notice several depositions, including Rule 30(b)(6) depositions for both corporations.  Without legal representation, the Secretary is limited in his ability to prosecute the case.

Accordingly, the Secretary respectfully requests that this Court order that defendants obtain new counsel by March 30, 2018.  Thank you in advance for Your Honor's consideration.

Sincerely,

Jeffrey S. Rogoff
Regional Solicitor

By:   /s/
      Amy Tai (G02605)
      Trial Attorney

Cc:   Lawrence M. Ordway, Jr., Esq. (via ECF)
      Gregory D. Eriksen, Esq. (via ECF)