

**U.S. Department of Labor**  201 Varick Street, Room 983
Office of the Solicitor    New York, NY 10014
            Tel:  (646) 264-3653
            Fax:  (646) 264-3660
            Email: tai.amy@dol.gov

     Reply to the Attention of:    Amy Tai, Esq.

October 1, 2018

**Via ECF**

Honorable Andrew T. Baxter
U.S. Magistrate Judge
Northern District of New York
Federal Building and U.S. Courthouse
Syracuse, NY 13261

RE:   Acosta v. Liberty Gas Station and Convenience Store, LLC et al.,
      No. 5:17-cv-00561-BKS-ATB

Dear Judge Baxter:

Pursuant to Local Rule 7.1(b)(2), plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor (the "Secretary") respectfully requests a telephone conference with Your Honor and counsel for defendants, Robert Tisdell, to request leave of Court to file a motion for sanctions against defendants for spoliation of evidence. Counsel for the Secretary has conferred in good faith with Mr. Tisdell but the parties are not able to resolve the issue. Accordingly, the Secretary seeks the Court's permission to move for sanctions, pursuant to Rule 37 of the Federal Rules of Civil Procedure, against defendants for their destruction of daily time records. *See Essenter v. Cumberland Farms, Inc.*, No. 1:09-CV-0539 (LEK/DRH), 2011 WL 124505, at *3 (N.D.N.Y. Jan. 14, 2011) ("A court has authority to impose sanctions in response to spoliation of evidence"); *Wade v. Tiffin Motorhomes, Inc.*, 686 F. Supp. 2d 174, 193 (N.D.N.Y. 2009).

   *Background*

The Secretary filed this action on May 22, 2017, alleging that defendants Liberty Gas Station and Convenience Store, LLC, Liberty Pizza & Convenience, Inc., and Huseyin Turan, who jointly operate two convenience store and pizza stores in Syracuse, failed to pay minimum wage and overtime compensation to their employees and to maintain adequate and accurate records of their employees' hours and wages as required by the Fair Labor Standards Act ("FLSA"). *See* Complaint, ECF No. 1. The Secretary also alleges that defendants' violations are willful because they were aware of the legal requirements and attempted to hide their violations by simulating compliance with the FLSA by falsifying and maintaining inaccurate payroll records. The Secretary seeks unpaid back wages and an equal amount of liquidated damages, as well as injunctive relief. The parties have been engaged in discovery for approximately one year and discovery is set to conclude on October 15, 2018. *See* Text Order, ECF No. 34.

In the Secretary's First Set of Requests for Documents served on defendants on November 9, 2017, the Secretary requested, *inter alia*, "[a]ll documents concerning hours worked by Defendants'

employees each day and week, including but not limited to timecards, timekeeping records, and schedules provided to employees with their checks." (Document Request No. 7 to the Corporate Defendants; Document Request No. 5 to Defendant Turan). At their depositions, defendant Turan and defendants' manager, Victoriya Kononchuk, testified that both locations used daily sign-in and sign-out sheets and daily time cards to record the actual hours that employees worked. Yet, to date, defendants have not produced any daily time records for Liberty Pizza & Convenience Store, Inc. ("Liberty Pizza Jamesville"), and produced only a limited amount of time cards for Liberty Gas Station and Convenience Store, LLC ("Liberty Gas North Syracuse").

When questioned about these documents at deposition, defendant Turan and Ms. Kononchuk testified that they existed as recently as the middle of this year and that they were put in storage. Specifically, Ms. Kononchuk testified that up until the sale of the stores in the middle of this year, she kept the time records for both Liberty Gas North Syracuse and Liberty Pizza Jamesville in the office of each respective location. For example, as to the Liberty Pizza Jamesville daily sign-in and sign-out sheets, Ms. Kononchuk testified:

> Q.  At the end of the week, what would happen with those sign-in and sign-out sheets?
> A.  I would just keep them in the file, like a drawer, metal drawers keep it in.
> Q.  Okay. But you don't know where they are now?
> A.  No.
> Q.  When was the last time that you saw any of those records?
> A.  Earlier this year before Jamesville was sold.
> Q.  Soon before Jamesville was sold?
> A.  Well, when I did the last time cards, that's the last time I've seen that. I packed my personal belongs and I left.
> Q.  At that point, how many years of records were there?
> A.  Probably two, three, maybe three.

Kononchuk Dep. Tr. 107:5-20 (attached hereto as Exhibit A). Furthermore, defendant Turan testified on July 25, 2018 that he had *not* looked for any time records for Liberty Pizza Jamesville from 2014 to 2017 and that all the files were taken out of the store and put in storage when the store was sold this year:

> Q.  [S]ince this case was filed in May 2017, have you looked for the sign-in and sign-out records, time records, or any other time records for Jamesville from 2014 to 2017?
> A.  Have I looked? No.
> Q.  Do you know if any of these records from 2014 to [20]17 at Jamesville still exist?
> A.  Some of it will still exist probably. I mean we might still have it. We sold the store, we took all the cases out of it, we put it in the storage. If you want, I can go look for it what I can find.

Turan Dep. Tr. 248:2-13 (attached hereto as Exhibit B). Following Mr. Turan's deposition, in a letter from defendants' counsel dated August 7, 2018, Mr. Tisdell stated that his clients have since searched for the daily time records and they no longer exist. After counsel for the Secretary expressed serious concern for the apparent destruction of evidence in a letter dated August 31,

2018, defendants responded with a letter on September 18 maintaining that they "destroyed no records after the time they were requested" and that they would conduct "one last search." The Secretary asked defendants to confirm the results of the search by September 28, 2018 and has not received any additional information.

### *The Secretary will Prevail in a Motion for Spoliation Sanctions*

The Secretary will prevail in a motion seeking spoliation of evidence because: (1) defendants had control over the time records and had an obligation to preserve them at the time they were destroyed; (2) defendants acted with a culpable state of mind; and (3) the missing evidence is relevant to the Secretary's claim. *See Essenter*, 2011 WL 124505, at *3 (citing *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)).

Indeed, defendants' time records were within their control and they had a duty to preserve them at the time they were destroyed or lost. *See Fujitsu Ltd. v. Fed. Exp. Corp.*, 247 F.3d 423, 436 (2d Cir. 2001) ("The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation."). Here, notwithstanding their obligations under the FLSA to maintain accurate and proper daily time records for at least two years, 29 C.F.R. §§ 516.2(a), 516.6(a)(1), defendants' duty to preserve their time records arose at the time the complaint in this action was filed on May 22, 2017 if not earlier when defendants did not agree with the Department of Labor's investigation findings and litigation was anticipated. Moreover, as described above, as recent as the middle of this year, defendants admit that they had custody and control of the responsive records but took no steps to secure or produce them prior to their destruction.

Defendants' destruction of evidence was knowing and thus, they acted with a culpable state of mind. *See Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 109 (2d Cir. 2002). Defendants have been well aware that the Department of Labor sought these time records, which were the subject of a pre-litigation subpoena and several discovery requests. Defendants failed to produce them during the investigation or litigation and admit that they did not conduct a complete search for such documents. Defendants' failure to comply with their discovery obligations by searching for and preserving relevant evidence in response to reasonable and relevant discovery requests suggests intentional conduct and bad faith.

Finally, the destroyed daily time records are clearly relevant to the Secretary's claim and unduly prejudicial to the Secretary where the parties dispute the number of hours that employees actually worked and thus, whether employees were entitled to overtime pay. Notably, defendants' pay records—which defendants' claim are copied from the actual time cards—do not match the very few original time records currently in existence. Indeed, the likely inference, as will be confirmed by employee testimony at trial, is that the destroyed time cards and sign-in/sign-out sheets stated the actual hours that employees worked, which was more than the number of hours reflected in defendants' pay records. As the destroyed time cards and daily sign-in/sign-out sheets likely would have been unfavorable to defendants' position, the Secretary will seek in his motion for spoliation sanctions that this Court preclude defendants from using the unreliable pay records at trial and in any dispositive motions and order an adverse inference jury instruction for defendants' destruction of their daily time records.

Accordingly, the Secretary respectfully requests that this Court permit the Secretary to file a motion seeking relief for defendants' destruction of evidence.

Thank you for Your Honor's consideration.

Sincerely,

Jeffrey S. Rogoff
Regional Solicitor

By:    /s/
       Amy Tai
       Trial Attorney

Cc:    Robert L. Tisdell (counsel for defendants via ECF)