## UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF NEW YORK

---

R. ALEXANDER ACOSTA, Secretary of Labor
United States Department of Labor

                          Plaintiff,

                                              Case No.: 5:17-cv-00561 (BKS-ATB)

v.

LIBERTY GAS STATION AND CONVENIENCE
STORE, LLC, LIBERTY PIZZA & CONVENIENCE,
INC., and HUSEYIN TURAN, Individually,

                          Defendants.

---

## MEMORANDUM OF LAW IN SUPPORT OF DECLARATION IN SUPPORT OF DEFENDANTS' LIBERTY GAS STATION AND CONVENIENCE STORE, LLC AND HUSEYIN TURAN, INDIVIDUALLY, MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SPOLIATION SANCTIONS

                                                         Anas Saleh, Esq.

                                                         *Attorney for Defendants Liberty Gas Station and Convenience Store, LLC and Huseyin Turan, Individually*

Defendants' Liberty Gas Station and Convenience Store, LLC and Huseyin Turan, Individually (together "Defendants") respectfully submit this Memorandum of Law in Support of Defendants' Opposition to Plaintiff's Motion for Spoliation Sanctions.

## DISCUSSION

For purposes of brevity, Defendants are providing a streamlined opposition response, as it is respectfully submitted that this motion should be denied on procedural and substantive grounds. Please refer to the record for relevant facts. Defendants take issue and reject the overall theme and narrative of the Plaintiff in this matter that Defendants destroyed any evidence at all, and Plaintiff's references to "false" records. Defendants respectfully submit that the issue of the motion is not the "falsity" of the records, but rather whether there was spoliation because the Defendants "*destroyed*" the records. (See Kondo Declaration (hereinafter "Kondo Decl."), as well as Plaintiffs Memorandum of Law in Support of its Motion for Spoliation Sanctions against Defendants (hereinafter "Plaintiff Mem.").

Additionally, Defendants respectfully submit that the Plaintiff cannot rely any rule or statute as a basis of this motion. Per the local rules of this district, "[w]hen a moving party makes a motion based on a rule or statute, the moving party must specify in its moving papers the rule or statute upon which it bases its motion." *See* N.D.N.Y. L.R. 7.1(a)(1). Defendants respectfully submit that a review of the Plaintiff's motion demonstrates an absence of citing any rule or statute as basis for its motion. *See* Kondo Decl.; Plaintiff Mem. For example, Federal Rule of Procedure 37 is only mentioned in citations of cases, not as a basis for the motion. *Id*. As such, Defendants respectfully submit that the District Court not interpret the motion to be based on any rule or statute as that would violate the local rules.

Given the above, in order to establish spoliation, the Plaintiff must show: "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed 'with a culpable state of mind'; and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002) (*quoting*

2

*Byrnie*, 243 F.3d at 107-12). Accordingly, given the standard above, if there was no destruction than, the Plaintiff's motion should be denied.

Assuming *arguendo* that we accept the Plaintiff's narrative, which we do not, at best the motion only provides that the request documents may exist, not that they were destroyed. Let alone, that the records were destroyed "with a culpable state of mind." Moreover, there is a question if the Defendants even had the records, which may be in the Plaintiff's possession.

First, Plaintiff's reliance on Ms. Victoriya Kobobchuck's deposition annexed to the Plaintiff's motion papers ("Kononchuk Dep.") that the records were destroyed is unfounded. The citied testimony only vaguely provides that she remembers some records, but does not provide that she or anyone destroyed the records. *See* Kononchuk Dep. Instead, a plausible explanation for the missing records exists. In her deposition, she provided the following:

> Q, At that point, how many years of punch cards were there still?
> A. I don't know how to answer that. I know when first time Labor Board came, they took some, so I don't know how many, I don't know.
>
> *Id.*

Moreover, the Plaintiff confirms this explanation. In its motion papers, Plaintiff provides confirms that the Plaintiff has obtained a few "original" daily time cards. *See* Plaintiff Mem. Additionally, the Plaintiff's motion and exhibits additionally undercut its own argument as they prove that time cards, which were allegedly destroyed, were provided and/or copies thereof are ***already*** in the possession of the Plaintiff. See *Id.* Moreover, Defendant Turan's cited deposition in the Plaintiff Mem. does not provide anything about destruction of the records. *See* Plaintiff Mem.

Although a decision outside our circuit, Defendants respectfully submit it lays out a good the situation at hand:

> Plaintiffs make the drastic assumption that if no discovery was produced in reference to a particular claim number, then records must have been intentionally destroyed. There is no basis for such a leap of faith.
>
> *State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr.*, 2008 U.S. Dist. LEXIS 127290, *30 (M.D. Fla. November 13, 2008)

Defendants note this is especially the case since the Plaintiff admits that it has "original" timecards. Additionally, the Plaintiff may have multiple years as the exhibits show time cards from 2014 to 2016. *See* Plaintiff Mem. Defendants also respectfully submit that if the Plaintiff already has the information from the timecards, it is not prejudiced.

A district court has "broad discretion in crafting a proper sanction for spoliation," *West v. Goodyear Tire and Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999), but "should impose the least harsh sanction that can provide an adequate remedy." *Hawley v. Mphasis Corp.*, 302 F.R.D. 37, 46 (S.D.N.Y. 2014). An adverse inference is "an extreme sanction and should not be imposed lightly." *Treppel v. Biovail Corp*, 249 F.R.D. 111, 120 (S.D.N.Y. 2008). Defendants respectfully submit that Plaintiff has not met its burden. That being said, nevertheless, it is respectfully submitted that granting Plaintiff's motion will severely prejudice Defendants and Defendants' new counsel in this action. The preclusion of evidence and an adverse inference, despite lack Plaintiff demonstrating that the evidence was destroyed, will help tip the scales in favor of Plaintiff as the litigation proceeds.

## CONCLUSION

Respectfully submitted that Plaintiff's motion for spoliation sanctions against Defendants should be denied.

Dated: January 11, 2019

Respectfully submitted,

   /s Anas Saleh
Anas Saleh, Esq. (Bar No. 517409)
Attorney for Defendants Liberty Gas Station and Convenience Store, LLC and Huseyin Turan, Individually and as Owner
Anas Saleh, Esq.
Office and Post Office Address
404 Oak St., STE 288
Syracuse, NY 13203
Telephone: (315) 569-1343
Facsimile: (315) 282-2601
Email: asaleh@salehesq.com