UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------
R. ALEXANDER ACOSTA, Secretary of Labor, United      :
States Department of Labor,
                                                     :
                    Plaintiff,
            v.                                       :

LIBERTY GAS STATION AND CONVENIENCE                  :   No. 17-CV-00561-BKS-ATB
STORE, LLC, LIBERTY PIZZA & CONVENIENCE,
INC., and HUSEYIN TURAN, Individually,               :

                    Defendants.                      :
------------------------------------------------------------------

## THE SECRETARY'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SPOLIATION SANCTIONS

Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor (the "Secretary") hereby submits this reply memorandum of law in support of his Motion for Spoliation Sanctions (ECF No. 41). For the reasons below and as set forth in the Secretary's Memorandum of Law in Support of His Motion for Spoliation Sanctions (ECF No. 41-1), this Court must grant the Secretary's Motion and sanction all three defendants, Liberty Pizza & Convenience, Inc. ("Liberty Pizza Jamesville"), Liberty Gas and Convenience Store, LLC ("Liberty Gas North Syracuse") and Huseyin Turan ("Turan") for their egregious and prejudicial conduct.

Defendant Liberty Pizza Jamesville did not file a response in opposition to the Secretary's Motion. The response was filed only on behalf of defendants Liberty Gas North Syracuse and Huseyin Turan. *See* Defs.' Mem., ECF No. 52-1. Accordingly, the Secretary's Motion is unopposed by Liberty Pizza Jamesville.

## **ARGUMENT**

The arguments asserted by Liberty Gas North Syracuse and Turan in their response to the Secretary's Motion are without any meaningful legal or factual support.[1] They appear to argue in their response that they did not destroy records and that the records "may exist." Defs.' Mem. at 3. Yet, defendants' own admissions show otherwise. Defendants do not dispute their deposition testimony that, as recently as March 2018 and June 2018—well after this action was filed in May 2017—up to three years of daily time records existed.[2] *See* Pl.'s Mem. at 3-4, ECF No. 41-1. Nor do they dispute that, after the depositions, defense counsel told the Secretary and represented to the Court that they do not have the requested daily time records in their custody, control, or possession. *See id.* at 4-5.

Contrary to defendants' argument, the Court does not have to make a "leap of faith" to conclude that defendants destroyed the relevant daily time records given the undisputed facts. Only a few months ago, defendants had the records but never produced them. Now, defendants say they do not have them. *See id.* at 3-7. Without any evidence or credible explanation[3] for what

---

[1] As to defendants' claim that the Secretary does not have a procedural basis for his Motion for Spoliation Sanctions, defendants ignore well-established case law in the Second Circuit, which holds that district courts have the authority to "impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs," even absent a discovery order. *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106-07 (2d Cir. 2002); *see also Essenter v. Cumberland Farms, Inc.*, No. 1:09-CV-0539 (LEK/DRH), 2011 WL 124505, at *3 (N.D.N.Y. Jan. 14, 2011) ("A court has authority to impose sanctions in response to spoliation of evidence.").

[2] Notwithstanding defendants' interpretation of one line of manager Victoria Konunchuk's deposition, she admitted that there was probably more than one year of punch cards at Liberty Gas North Syracuse and two to three years of daily time records at Liberty Pizza Jamesville. *See* Pl.'s Mem. at 3-4; Konunchuk Dep. 107:5-20, 108:4-14.

[3] Defendants appear to argue that the explanation for three years of "missing" timecards is that the Secretary is already in possession of them. Defs.' Mem. at 3. Defendants' argument is nonsensical. The Secretary has made abundantly clear in his Motion that the few time cards that were submitted to the Court were *not* produced by defendants prior to or during litigation. Pl.'s

happened to these critical documents, there is only one logical and rational conclusion: defendants destroyed the daily time records.  Even assuming *arguendo* that defendants did not destroy the daily time records, defendants' failure to preserve and produce responsive and relevant evidence that is now "missing" is gross negligence and indifference to their discovery obligations.  *See Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 108 (2d Cir. 2002) (holding that district courts have broad discretion to sanction a party when it breaches a discovery obligation, including the non-production of evidence).

Notably, defendants also do not dispute the glaring inconsistencies between the few time cards that the Secretary independently obtained prior to litigation and the weekly pay records produced by defendants.  *See* Pl.'s Mem. at 7-12.  They merely assert that the issue is whether defendants destroyed documents, "not the 'falsity' of the records," Defs.' Mem. at 2.  The significant contradictions, however, clearly demonstrate not only the relevance of the destroyed daily time cards but the prejudicial impact the destruction has on the Secretary's claims; indeed, the destroyed time records would have likely shown that the hours worked on defendants' weekly pay records are inaccurate, at best, and falsified, at worst.  Accordingly, defendants' egregious conduct is clearly prejudicial to the Secretary and precluding defendants from introducing their weekly pay records is an appropriate sanction, along with providing an adverse inference instruction to a jury to restore the Secretary to the position he would have held if defendants had not destroyed the daily time records.  *See* Pl.'s Mem. at 12-15.

---

Mem. at 2, 8, 10.  If the Secretary were in possession of defendants' daily time records from 2014 and thereafter, the Secretary would not have brought the underlying motion.

## **CONCLUSION**

For the reasons set forth above and in the Secretary's opening brief, this Court must grant the Secretary's Motion for Spoliation Sanctions.

DATED:	January 16, 2019
	New York, New York

                                             KATE S. O'SCANNLAIN
                                             Solicitor of Labor

                                             JEFFREY S. ROGOFF
                                             Regional Solicitor

                                             /s/ Amy Tai
                                             ALEXANDER M. KONDO
                                             Bar No. 5221932
                                             AMY TAI
                                             Bar No. 4722625
                                             Trial Attorneys

                                             U.S. Department of Labor
                                             Office of the Solicitor
                                             201 Varick Street, Room 983
                                             New York, NY 10014
                                             Tel: 646.264.3652 / 3653
                                             Fax: 646.264.3660
                                             Kondo.alexander.m@dol.gov
                                             Tai.amy@dol.gov
                                             NY-SOL-ECF@dol.gov

                                             *Attorneys for Plaintiff Secretary of*
                                             *Labor R. Alexander Acosta*